Filed 4/18/25  P. v. Nava CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DIEGO NAVA,<br><br>    Defendant and Appellant. | D083903, D083923<br><br><br>(Super. Ct. No. SCD297834) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FRANCISCO NAVA,<br><br>    Defendant and Appellant. | (Super. Ct. No. SCD297834) |

CONSOLIDATED APPEALS from judgments of the Superior Court of San Diego County, Kimberlee A. Lagotta, Judge.  Affirmed.

Lizabeth Weis, under appointment by the Court of Appeal, for Defendant and Appellant Diego Nava.

Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant Francisco Nava.

No appearance for Plaintiff and Respondent.

Francisco Nava (Francisco) and Diego Nava (Diego) were convicted in a joint trial.

The jury found Francisco guilty of two counts of assault with a firearm (Pen. Code,[1] § 245, subd. (a)(2)) and one count of possession of a firearm by a felon. (§ 29800, subd. (a)(1).) On both of the assault counts the jury made a true finding that Francisco personally used a firearm. (§ 12022.5, subd. (a).) In a bifurcated proceeding, the trial court found that Francisco incurred a prior strike (§§ 667, subds. (b)–(i), 1170.12) and a prior serious felony conviction (§ 667, subd. (a)).

The jury found Diego guilty of one count of willful deliberate premeditated attempted murder (§§ 187, subd. (a), 189, 664), with further findings that Diego personally and intentionally used, possessed and discharged a firearm causing great bodily injury (§ 12022.53, subds. (b), (c) & (d)); and one count of possessing a machine gun (§ 32625, subd. (a)).

Francisco was sentenced to prison for a term of 28 years four months. Diego was sentenced to prison for a term of 32 years to life.

Francisco's appointed appellate attorney and Diego's appointed appellate attorney have each filed a brief on behalf of their respective clients in which they raise no claims of error and ask us to review the record

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

independently for reversible error. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).) We have independently reviewed the records for Francisco's and Diego's appeals, and we have found no arguable issue that would result in a modification or reversal of either of the judgments. Accordingly, we affirm the judgments.

I.

FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours of January 22, 2023, Diego and his uncle Francisco were spending time inside a bar when a fistfight took place, during which Francisco was punched. The man who punched Francisco, along with his companions, then exited the bar. Francisco and Diego followed the men outside. The fight inside the bar, along with the ensuing events on the street outside the bar, were recorded on multiple surveillance video cameras.

The videos show that, once outside, Francisco pointed a firearm at one of the men who had exited the bar. Francisco next moved toward some of the other men. He punched one of those men and then fired a gun toward at least one other man.

The videos show that Diego shot multiple times at the man toward whom Francisco had first pointed a gun. Two of Diego's bullets made contact with the victim. One wound was to the man's head; the other was to his left thigh. The man survived the shooting but incurred serious injuries. The muzzle flashes shown on the video indicate that Diego's firearm was fully automatic, and statements made by Diego on his Instagram account corroborated that Diego possessed a fully automatic weapon.

An amended information charged Francisco with two counts of attempted murder (§§ 187, subd. (a), 664) (count 4); three counts of assault with a firearm (§ 245, subd. (a)(2)), including allegations that he personally

used a firearm (§ 12022.5, subd. (a)) (counts 3, 5 & 6); and one count of possession of a firearm by a felon (§ 29800, subd. (a)(1)) (count 7). It was further alleged that Francisco incurred a prior strike (§§ 667, subds. (b)–(i), 1170.12) and a prior serious felony conviction (§ 667, subd. (a)).

The same amended information charged Diego with one count of willful deliberate premeditated attempted murder (§§ 187, subd. (a), 189, 664), including allegations that Diego personally and intentionally used, possessed and discharged a firearm causing great bodily injury (§ 12022.53, subds. (b), (c) & (d)) (count 1); and one count of possessing a machine gun (§ 32625, subd. (a)) (count 2).

A jury convicted Francisco on counts 3, 5 and 7, along with making true findings on the firearm allegations in counts 3 and 5, but it found him not guilty on count 6 and was unable to reach a verdict on count 4. Count 4 was subsequently dismissed. The same jury convicted Diego on both count 1 and count 2, along with making true findings on the firearm allegations in count 1.

In a bifurcated bench trial, the court found that Francisco incurred a prior strike and a prior serious felony, and it found the existence of several aggravating factors as to both Francisco and Diego.

At sentencing, the trial court denied Francisco's requests to strike his prior strike and dismiss the five-year enhancement for the serious felony prior. The trial court also denied Diego's motion to dismiss the firearm enhancements, finding that doing so would endanger public safety and that dismissal or reduction to a lesser enhancement would not be in the furtherance of justice.

With respect to Francisco, based on its weighing of the aggravating and mitigating factors, the trial court imposed an upper term sentence. Count 3

4

was selected as the principle term, with the four-year upper term doubled to eight years due to the prior strike, plus an upper term sentence of 10 years on the firearm enhancement (§ 12022.5, subd. (a)), for a total of 18 years on count 3. For count 5, the trial court imposed a consecutive term of five years four months, based on one-third of the three-year middle term doubled because of the strike, plus one-third of the 10 year firearm enhancement. For count 7, the trial court imposed but stayed pursuant to section 654 a concurrent four-year term based on the middle term of two years doubled due to the prior strike. To this sentence, the trial court added a five-year term for the serious felony prior. The result was a total sentence of 28 years four months.

With respect to Diego, on count 1 the trial court imposed a sentence of 32 years to life with parole, composed of a seven-years-to-life term on the murder conviction and a term of 25 years to life for the firearm enhancement with the longest term (§ 12022.53, subd. (d)). On count 2 it imposed a two-year sentence, which it stayed pursuant to section 654.

## II.

## DISCUSSION

Appointed counsel for both Francisco and Diego each filed a brief in which they summarized the relevant facts and proceedings, raised no claims of error regarding their respective clients, and asked us to conduct an independent review of the record for reversible error. (See *Wende, supra*, 25 Cal.3d at p. 441 [the appellate court must "conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues"].) We subsequently consolidated the appeals.

Counsel for Francisco did not identify any possible, but not arguable, issues for our consideration. Counsel for Diego identified the following

5

possible issue: "1. Whether the court abused its discretion in refusing to strike the firearm enhancement (§ 12022.53[, subd.] (d)) in the interest of justice."

We advised both Francisco and Diego that they could file a supplemental brief, but neither of them did so.

We have reviewed the entire record for both Francisco's and Diego's appeal, as required by *Anders, supra*, 386 U.S. 738, and *Wende, supra*, 25 Cal.3d 436, and we have not identified any arguable grounds for reversal or modification of either of the judgments. Both Francisco and Diego have received competent representation on appeal.

DISPOSITION

The judgments are affirmed.


IRION, J.

WE CONCUR:



O'ROURKE, Acting P. J.



RUBIN, J.

6